IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLYNN DAVIS, EUGENE BROMBOLICH,
and EUGENE FORNERIS, individually and
on behalf of all those similarly situated,**

    **Plaintiffs,**

v.

**SOLUTIA, INC. EMPLOYEES' PENSION PLAN,**

    **Defendant.**　　　　　　　　　　　　　　**Case No. 05-cv-736-DRH**

### ORDER

**HERNDON, District Judge:**

    This matter comes before the Court on Applicants'[1] Motion to Intervene (Doc. 60). The Court previously granted a similar motion to intervene made by the Plaintiffs in the instant matter, filed in **Hammond v. Solutia**, **06-cv-139-DRH**, at document number 17 on the docket. In their Motion to Intervene, Applicants state that both permissive intervention under **FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2)** as well as intervention as of right, under **Rule 24(a)(1)(2)** would be appropriate in this instance (Doc. 60, pp. 1-2).

    The **Davis** Plaintiffs have opposed the instant Motion, stating that it is procedurally defective under **Rule 24(c)**, as Applicants have not met the requirement

---

[1] Applicants are actually the Plaintiffs in the pending case of **Hammond v. Solutia**, **Case No. 06-cv-139**-DRH, also filed in the United States District Court for the Southern District of Illinois.

that their Motion to Intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought" (Doc. 62, p. 1). The *Davis* Plaintiffs also oppose the intervention as premature – as the *Davis* Plaintiffs have already been allowed to intervene in the *Hammond* suit and have filed a Motion to Stay (Case No. 06-139, Doc. 32), which, if granted, would render the instant Motion moot. Lastly, the *Davis* Plaintiffs argue that intervention is unnecessary, as the same issues sought to be addressed in the instant suit have already been briefed in the *Hammond* suit. Therefore, they assert that granting the instant Motion would merely lead to duplicative litigation. Defendants to this suit have not opposed the instant Motion.

In their Reply (Doc. 66), Applicants note their Motion to Intervene clearly stated it was being made for purposes of "addressing issues related to the appointment of interim class counsel" as the *Davis* Plaintiffs had previously filed a Motion to Appoint Interim Class Counsel (Doc. 55). Therefore, compliance with **Rule 24()** was, for the most part, met. However, Applicants have attached a Proposed Response to the *Davis* Plaintiffs' Motion to Appoint Interim Class Counsel, as Exhibit A to their Reply to ensure total compliance with the procedural rule.

The Court finds the *Davis* Plaintiffs' opposing arguments unavailing. Applicants have equal right to seek to intervene in this case as the *Davis* Plaintiffs did in the *Hammond* case, regardless of any potential duplicity of filings. Therefore, as there are questions of fact and law in common in the two above-referenced cases, Applicants should be allowed to intervene in the instant suit pursuant to **Rule**

**24(b)(2)**.   Accordingly, Applicants' Motion to Intervene (Doc. 60) is hereby **GRANTED**.  Applicants will now be referred to as "Plaintiff-Intervenors." Plaintiff-Intervenors should therefore file their Response to Plaintiff's Motion to Appoint Interim Class Counsel (Doc. 55), as indicated in Exhibit A to their Reply (Doc. 66), by **Thursday, May 4, 2006**.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2006.

/s/      David   RHerndon
**United States District Judge**