IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GRANT WALKER, et al.,**

    **Plaintiffs,**

v.

**MONSANTO COMPANY PENSION PLAN,
et al.,**

        **Defendants.**         **Case No. 04-cv-436-DRH**

        **Consolidated With:**
          **Case No. 06-cv-139-DRH**
          **Case No. 06-cv-003-DRH**
          **Case No. 05-cv-736-DRH**

## **MEMORANDUM & ORDER**

**HERNDON, District Judge:**

        The above-captioned matter concerns four related putative class actions under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"): *Hammond v. Solutia, Inc., Employees' Pension Plan*, Civil No. 06-139-DRH (S.D. Ill. filed Feb. 15, 2006), *Donaldson v. Pharmacia Pension Plan*, Civil No. 06-3-DRH (S.D. Ill. filed Jan. 3, 2006), *Davis v. Solutia, Inc., Employees' Pension Plan*, Civil No. 05-736-DRH (S.D. Ill. filed Oct. 12, 2005), and *Walker v. Monsanto Co. Pension Plan*, Civil No. 04-436-DRH (S.D. Ill. filed June 23, 2004). These actions recently were consolidated, and the plaintiffs therein have filed a consolidated class action complaint. At this time the Court addresses certain

motions filed in *Hammond*, *Davis*, and *Walker* prior to the consolidation.

The Court turns first to the motions for class certification filed in the *Walker* and *Davis* cases, *see Walker* Docket Entry ("D.E.") No. 109; *Davis* D.E. No. 18, as well as the motion for a hearing on the *Walker* plaintiffs' motion for class certification brought by the defendants in that case. *See Walker* D.E. No. 130. In light of the consolidated class action complaint, the Court deems these motions to be moot. Although it is clear that the plaintiffs in the consolidated actions intend to seek class certification as to their claims, the consolidated complaint suggests that the configuration of the proposed classes will be different than that set out in the original complaints and class certification papers filed in *Walker* and *Davis*, employing perhaps a system of subclasses with respect to the four distinct groups of ERISA plan participants involved in the consolidated actions. Additionally, as will be discussed in a bit more detail presently, recent developments in the law of this Circuit, notably *Cooper v. IBM Personal Pension Plan*, 457 F.3d 636 (7th Cir. 2006), have dramatically altered the scope of the claims that can be asserted in this case, rendering class certification a moot issue as to a number of claims asserted by the plaintiffs in the consolidated actions. Accordingly, the Court will deny without prejudice both the *Walker* and *Davis* plaintiffs' motions for class certification, as well as the *Walker* defendants' request for a hearing on class certification.

Turning then to the *Hammond* and *Davis* cases, prior to consolidation defendant Solutia, Inc., Employees' Pension Plan (hereinafter, "the Solutia Plan" or "the Plan") filed motions in both cases requesting dismissal of the claims asserted

against it for failure to exhaust administrative remedies. *See Hammond* D.E. No. 10; *Davis* D.E. No. 23. Although, as noted, an amended complaint recently was filed with respect to the consolidated actions, the Court concludes that the issues presented by the Solutia Plan's motions to dismiss remain live. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 1998 & Supp. 2006) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (collecting cases); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 712-13 (N.D. Ind. 1991) (the defendants adequately defended themselves against the plaintiff's amended complaint, for purposes of Rule 55 of the Federal Rules of Civil Procedure governing default judgments, even though the defendants' motions to dismiss were directed to the plaintiff's original complaint, not the plaintiff's amended complaint, where the amended complaint was subject to attack on the same grounds asserted in defendants' motions to dismiss). Therefore, the Court will proceed to resolve on their merits the Solutia Plan's motions to dismiss on grounds of failure to exhaust administrative remedies.

"The text of 29 U.S.C. § 1132, providing for civil actions to redress violations of ERISA, does not address whether a claimant must exhaust her administrative remedies before filing suit in federal court." *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 807 (7th Cir. 2000). *See also Call v. Ameritech Mgmt.*

*Pension Plan*, No. Civ. 01-717-GPM, 2004 WL 483199, at *3 (S.D. Ill. Mar. 10, 2004). However, in light of ERISA § 503, 29 U.S.C. § 1133, directing employee benefit plans to provide adequate written notice of the reasons for denials of claims by plan participants and to create procedures for the review of such denials of claims, this Circuit interprets ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute. *See Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991). "[T]he decision to require exhaustion as a prerequisite to bringing suit is a matter within the discretion of the trial court . . . . [T]his determination will only be disturbed on appeal if the lower court has clearly abused its discretion – in other words, if the lower court's decision 'is obviously in error.'" *Salus v. GTE Directories Serv. Corp.*, 104 F.3d 131, 138 (7th Cir. 1997) (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)). An ERISA plaintiff's failure to exhaust administrative remedies may be excused where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996); *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 658-59 (7th Cir. 1992).

To evaluate properly the Solutia Plan's demand for exhaustion of administrative remedies, the Court must examine briefly the legal validity of the claims asserted against the Plan, as it would be absurd to order exhaustion as to claims that have no legal merit. The operative complaint in this case alleges

essentially three types of claims against the Solutia Plan: that the Plan violates ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i), which prohibits a defined benefit plan from causing any cessation or reduction in the rate at which an employee accrues benefits on account of age; that the Plan is backloaded, that is, it violates the provisions of ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B), which prohibit defined benefit plans from establishing minimum accrual rates that cause a participant's benefits to accrue very slowly until the participant is near retirement age; and that the Plan violates ERISA provisions requiring defined benefit plans to pay lump-sum benefits that are the actuarial equivalent of a participant's accrued benefit projected to normal retirement age, that is, age 65, then reduced to present value. *See Berger v. Xerox Corp. Ret. Income Guar. Plan*, 338 F.3d 755, 761-63 (7th Cir. 2003); I.R.S. Notice 96-8, 1996-1 C.B. 359. In light of the recent decision of the United States Court of Appeals for the Seventh Circuit in *Cooper v. IBM Personal Pension Plan*, the age-discrimination claims asserted against the Solutia Plan clearly have no legal merit. *See* 457 F.3d at 638-42. *See also Laurent v. PriceWaterhouseCoopers LLP*, No. 06 Civ. 2280(MBM), 2006 WL 2546805, at **12-13 (S.D.N.Y. Sept. 5, 2006). The Court likewise discerns no merit in the backloading claims asserted against the Solutia Plan. *See Langman v. Laub*, 328 F.3d 68, 71-72 (2d Cir. 2003); *Richards v. FleetBoston Fin. Corp.*, 427 F. Supp. 2d 150, 170-71 (D. Conn. 2006); *Register v. PNC Fin. Servs. Group, Inc.*, No. 04-CV-6097, 2005 WL 3120268, at *3 (E.D. Pa. Nov. 21, 2005); *Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139, 1160 (D. Ariz. 2005). Therefore, the question for the Court

to decide is whether the claims against the Solutia Plan regarding alleged miscalculation of lump-sum benefits should be dismissed for failure to exhaust administrative remedies.

In the past the Court has declined to order exhaustion as to identical claims regarding alleged miscalculation of lump-sum benefits. *See Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d 853, 860-63 (S.D. Ill. 2006); *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002). As in those cases, it is not disputed in this instance that the lump-sum benefits at issue have been calculated in accordance with the express terms of the Solutia Plan, and thus the Court fails to see what administrative remedy is available under the terms of the Plan. *See Donaldson*, 435 F. Supp. 2d at 860 (citing *Costantino v. TRW, Inc.*, 773 F. Supp. 34, 44 (N.D. Ohio 1991)). The policies underlying ERISA's exhaustion requirement are to provide a mechanism for informal dispute resolution, to shield the discretion of plan administrators from excessive judicial interference, and to develop an administrative record that will provide useful factual background in litigation regarding plan benefits. *See id*. at 859-60 (citing, inter alia, *Janowski v. International Bhd. of Teamsters Local No. 710 Pension Fund*, 673 F.2d 931, 935 (7th Cir. 1982)). The claims asserted against the Solutia Plan regarding alleged miscalculation of lump-sum benefits under the terms of the Plan involve questions of law concerning the interpretation of ERISA that the Court, rather than the Plan administrators, is in the best position to decide, and that are best resolved, in the Court's view, through classwide adjudication, not piecemeal through administrative

proceedings. *See id.* at 860-61. The Court in its discretion declines to order exhaustion of administrative remedies and therefore the Solutia Plan's motions to dismiss for failure to exhaust will be denied. The Court notes that the parties to the *Hammond* case have brought a joint request for a stay pending exhaustion of administrative remedies as to the claim in the pre-consolidation complaint in *Hammond* that the Plan was dilatory in paying benefits. *See Hammond* D.E. No. 53. However, the consolidated class action complaint asserts no such claim against the Solutia Plan and therefore the Court will deny the joint motion for a stay in *Hammond* as moot.

Finally the Solutia Plan has moved for dismissal of the claims asserted against it in the *Hammond* and *Davis* cases on the grounds that the plaintiffs in those cases have failed to join Solutia, Inc. ("Solutia"). *See Hammond* D.E. No. 12; *Davis* D.E. No. 21. Solutia is the Plan sponsor and administrator and currently is in Chapter 11 bankruptcy proceedings. The Plan contends Solutia is a person needed for just adjudication whose non-joinder mandates dismissal of this case. *See* Fed. R. Civ. P. 19(b), 12(b)(7). As the *Hammond* and *Davis* plaintiffs point out, in an action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), in general the only proper defendant is an ERISA plan, although in limited instances a plan administrator may be a proper defendant as well. *See Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997); *Holy Cross Hosp. v. Bankers Life & Cas. Co.*, No. 01C1505, 2002 WL 1822916, at *1 (N.D. Ill. Aug. 7, 2002). It seems to the Court to be an extraordinary leap of logic to conclude, as the Solutia Plan

urges, that a party which only in limited circumstances is a proper defendant is indispensable within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure.

As to the claims of the *Hammond* and *Davis* plaintiffs under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Court likewise concludes that Solutia is not an indispensable party.  The gist of the Solutia Plan's argument is simply that Solutia, as the Plan sponsor, may be liable for a judgment against the Plan.  In the Court's view, this issue is controlled by the settled rule, in both contract and tort, that a mere obligation to pay money in the event of a judgment does not render a party indispensable within the meaning of Rule 19(b).  *See, e.g., Rhone-Poulenc, Inc. v. International Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995) ("A victim of wrongdoing is not generally required to sue all the wrongdoers.  Certainly not in a tort case, where the rule of joint and several liability reigns; and not in a contract case either."); *Microcomputer Workshops Corp. v. Mindscape, Inc.*, No. 89 C 2188, 1989 WL 106684, at *3 (N.D. Ill. Sept. 14, 1989) ("[T]he law is settled that joint obligors are not indispensable parties within the meaning of Rule 19(b)."); *Sniezek v. Cords*, No. 87 C 1766, 1987 WL 15768, at *1 (N.D. Ill. Aug. 12, 1987) ("[F]ederal courts have not treated joint obligors as indispensable parties."); *Freeman v. Liu*, 112 F.R.D. 35, 41 (N.D. Ill. 1986) ("Potential indemnitors have never been considered indispensable parties or even parties whose joinder is required if feasible . . . .  The same situation as to indispensability and joinder applies to joint tortfeasors subject to a possible right of contribution . . . .  Similarly, joint obligors to a contract are generally not

considered indispensable, since their liability is usually joint and several."); 7 Wright, Miller & Kane, *Federal Practice & Procedure* § 1613 ("Joint obligors . . . typically are treated as Rule 19(a) parties, but are not deemed indispensable under Rule 19(b).") (collecting cases). The Court will deny the Solutia Plan's motions to dismiss the claims of the *Hammond* and *Davis* plaintiffs for failure to join Solutia.

In summary, the Court rules as follows with respect to the pending pre-consolidation motions. The motion for class certification filed in the *Walker* case and the defendants' motion for a hearing thereon, *see Walker* D.E. Nos. 109, 130, are **DENIED as moot**. The motion for class certification in the *Davis* case, *see Davis* D.E. No. 18, is **DENIED as moot**. The joint motion for a stay in the *Hammond* case, *see Hammond* D.E. No. 53, is **DENIED as moot**. The motions to dismiss for failure to exhaust administrative remedies filed by the Solutia Plan in the *Hammond* and *Davis* cases, *see Hammond* D.E. No. 10; *Davis* D.E. No. 23, are **DENIED**. Finally the motions to dismiss for failure to join a party needed for just adjudication filed by the Solutia Plan in the *Hammond* and *Davis* cases, *see Hammond* D.E. No. 12; *Davis* D.E. No. 21, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 27th day of September, 2006.

/s/       David  RHerndon
**United States District Judge**